UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| JOHN W. HILLMAN, | ) | Case No. 05-60605-JDS |
| | ) | |
| Debtor. | ) | Hon. John D. Schwartz |

**Application for Allowance and Payment of
Final Compensation and Expense Reimbursement of Joseph A. Baldi, as Trustee**

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of John W. Hillman ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $1,569.10 as final compensation for services rendered as trustee in this case from October 15, 2005 through the close of this case and for reimbursement of $8.00 for actual expenses incurred in the performance of those services. In support thereof, Trustee states as follows:

**Introduction**

1.   Debtor commenced this case on October 15, 2005 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2.   Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3.   As of the commencement of this case, the Estate's primary asset was Estate's interest in certain bank accounts.

4.   The bar date for filing claims in this case was June 2, 2006.

**Prior Compensation**

5.   This is the first and final application ("Application") for allowance of compensation and expense reimbursement filed by Trustee in this case.

6. Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case except as set forth above.

## Services Rendered by Trustee

7. Since his appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A. Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

A. Trustee took control of the Debtor's cash in a bank account; obtained a turnover of those funds; and recovered gross proceeds of $9,000.00 on behalf of the Estate;

B. Trustee reviewed and analyzed the Debtor's interest in a vehicle; ultimately, the Trustee determined that the property was of no value to the Estate;

C. Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

D. Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

E. Trustee prepared semi-annual reports required by the United States Trustee and met with representatives of the U.S. Trustee regarding the administration and status of the case;

F. Trustee examined proofs of claim filed against the Estate; and

G. Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

### Funds Collected and Disbursed by Trustee

8. Trustee has collected the sum of $9,130.31 on behalf of the Estate. Trustee has made $7.59 in disbursements in this case as of the date hereof.

9. Copies of the *Form 1 Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to the Trustee's Final Report, filed simultaneously herewith, as Exhibits B and C, respectively.

### Compensation Requested

10. During the period covered by this Application, Trustee has spent 13.50 hours rendering services on behalf of this Estate with a value of $2,217.00. Trustee estimates that he will spend an additional four hours rendering services with a value of $880.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file his final account.

11. The maximum compensation allowable to Trustee pursuant to section 726 of the Code, based upon the receipts and disbursements listed above, is $1,569.10 as follows:

| | |
|---|---|
| 25% of the first $5,000 | $1,250.00 |
| 10% of the next $3,190.99 | $319.10 |
| Total allowable compensation | $1,569.10 |

Trustee anticipates that (a) there will be a 100% distribution to general unsecured creditors, plus interest, and (b) there will be a surplus of funds to be returned to the Debtor. The surplus monies to be returned to the Debtor have been excluded from the calculation of the maximum compensation allowable.

12. Based upon the caliber of the services rendered by Trustee and the results achieved in this case, Trustee requests allowance and payment of final compensation for his services rendered as trustee from the time of his appointment

3

through the closing of this case in amount of $1,569.10. This amount represents reasonable compensation for the services rendered by Trustee and is within the maximum compensation allowable as set forth in paragraph 11 above.

13. An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

14. Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

### Expense Reimbursement

15. Trustee has incurred actual and necessary expenses in the amount of $8.00 in connection with the performance of services rendered in this case. The expenses primarily relate to the photocopying of the Trustee's Final Report and Trustee's Final Account. A detailed description of the expenses incurred is included within the time detail attached hereto as Exhibit A.

### Status of the Case

16. The Trustee has liquidated or abandoned all of the assets belonging to this Estate and completed his review and analysis of the claims filed against the Estate.

17. Trustee has completed and filed his Final Report simultaneously herewith.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of John W. Hillman requests the entry of an order providing the following:

 A. Allowing to Trustee final compensation in the amount of $1,596.10 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from October 15, 2005 through the closing of this case;

 B. Allowing to Trustee reimbursement of actual expenses incurred in the amount of $8.00; and

      C.    For such other and further relief as this Court deems appropriate.

Dated: October 30, 2007      Joseph A. Baldi, as trustee of the estate of John W. Hillman, debtor

      By: \_\_\_\_/s/_____
            Joseph A. Baldi

Joseph A. Baldi
Attorney I.D. No. 00100145
Elizabeth C. Berg
Attorney I.D. No. 6200886
19 S. LaSalle St.   Suite 1500
Chicago, IL  60603
(312) 726-8150

Trustee's Final Fee Application

John W. Hillman
Case No. 05-60605

Trustee's Itemized Billing Statements

Exhibit A

**Joseph A. Baldi & Associates, P. C.**
**19 S. LaSalle Street**
**Suite 1500**
**Chicago, IL 60603**

**Phone:** (312) 726-8150
**Fax:**  (312) 726-5067
**FEIN:** 36-4352753

**Invoice submitted to:**

John W. Hillman
Joseph A. Baldi, trustee
19 South LaSalle Street
Suite 1500
Chicago, IL 60603

October 30, 2007
Invoice No:   957

**In Reference to:**   *Hillman - Trustee Matters*

**Professional Services**

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 4/18/2006 | ECB1 | Process March 2006 bank statements: Reconcile accounts | 0.10 $140.00/hr | $14.00 |
| 5/01/2006 | ECB1 | Process and deposit installment payment on bank account turnover (.2) check claims bar and register (.1) Confer with trustee re case disposition and no need for counsel | 0.40 $140.00/hr | $56.00 |
| 5/30/2006 | ECB1 | Process and deposit final installment of bank account proceeds received from Debtor (.2) Review claims register and Debtor's schedules re estate claims (.2) Memo to trustee re status (.1) | 0.50 $140.00/hr | $70.00 |
| 5/31/2006 | ECB1 | Review and update Trustee billing records (.1) Prepare letter to creditors re filing claims and anticipated distribution in case (.8) Confer with Trustee and update letter (.3) | 1.20 $140.00/hr | $168.00 |
| 6/12/2006 | ECB1 | Perform internal audit of trustee banking files and corresponding databases | 0.20 $140.00/hr | $28.00 |
| 6/20/2006 | ECB1 | Meet with examiners, provide case documentation and explain Trustee procedures in connection with DOJ quadrennial audit | 0.40 $140.00/hr | $56.00 |
| 7/19/2006 | ECB1 | Process June 2006 bank statements and reconcile accounts (.1) | 0.10 $140.00/hr | $14.00 |
| 8/14/2006 | ECB1 | Review July 2006 Bank Statement (.1) Reconcile account (.1) | 0.10 $140.00/hr | $14.00 |
| 9/13/2006 | ECB1 | Prepare written response to UST audit | 0.60 $140.00/hr | $84.00 |
| 9/25/2006 | ECB1 | Process September 2006 Bank Statements (.1) Reconcile estate bank accounts (.1) | 0.10 $140.00/hr | $14.00 |

**Joseph A. Baldi & Associates, P. C.**                                      10/30/2007

Hillman - Trustee Matters                                                    Page   2

---

| Date | Code | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 10/03/2006 | ECB | Meet with Trustee and confer on status in connection with 3rd quarterly review for 2006 annual reports | 0.10 $140.00/hr | $14.00 |
| 10/12/2006 | JAB | Teleconference from debtor regarding possible refund. Review claims, allow same. | 0.50 $350.00/hr | $175.00 |
| 11/21/2006 | ECB | Process October 2006 bank statements; reconcile bank accounts | 0.10 $140.00/hr | $14.00 |
| 12/19/2006 | ECB | Process November 2006; Reconcile Bank accounts | 0.10 $140.00/hr | $14.00 |
| 12/26/2006 | ECB | Initial Review of Form 3 Notes for Trustee's 2006 Annual Report to UST | 0.10 $140.00/hr | $14.00 |
| 1/15/2007 | ECB1 | Process December 06 bank statements; Reconcile estate accounts | 0.10 $140.00/hr | $14.00 |
| 2/08/2007 | ECB1 | Prep of 2006 annual reports | 1.20 $140.00/hr | $168.00 |
| 2/19/2007 | ECB1 | Process January 2007 bank statements (.1) Reconcile trustee bank accounts (.1) | 0.10 $140.00/hr | $14.00 |
| 2/20/2007 | ECB1 | Prepare Blanket Bond Report (.1) Prep premium check and transmittal to International Sureties (.1) | 0.20 $140.00/hr | $28.00 |
| 3/20/2007 | ECB1 | Process February 2007 bank statements; Reconcile accounts | 0.10 $140.00/hr | $14.00 |
| 4/17/2007 | ECB1 | Process March 2007 bank statements (.1) Reconcile accounts (.1) | 0.10 $140.00/hr | $14.00 |
| 5/15/2007 | ECB1 | Finalize 2006 year end Form 1 and Form 2 per UST followup on annual review (.1) File same and email confirmation to UST (.1) | 0.20 $140.00/hr | $28.00 |
| 5/29/2007 | ECB1 | Process April 2007 bank statements (.1) Reconcile Trustee's bank accounts (.1) | 0.10 $140.00/hr | $14.00 |
| 6/12/2007 | ECB1 | Process May 2007 bank statements (.1) Reconcile Trustee's bank accounts (.1) | 0.10 $160.00/hr | $16.00 |
| 7/24/2007 | ECB1 | Process June 07 bank statements (.1) Reconcile Trustee's bank accounts (.1) | 0.10 $160.00/hr | $16.00 |
| 8/14/2007 | ECB1 | Process July 07 bank statements (.1) Reconcile Trustee's accounts (.1) | 0.10 $160.00/hr | $16.00 |
| 9/18/2007 | ECB1 | Process August 07 bank statements (.1) Reconcile trustee's bank accounts (.1) | 0.10 $160.00/hr | $16.00 |

**Joseph A. Baldi & Associates, P. C.**  10/30/2007

Hillman - Trustee Matters  Page   3

---

| Date | Description | Hours / Rate | Amount |
|---|---|---|---|
| 10/10/2007 | Review claims and docket and administrative claims (.3); Prepare closing memo to RKP re prep of final report (.3) | 0.60  $160.00/ hr | $96.00 |
| 10/14/2007 | Prepare Trustee's Final Fee Application (.8); coversheet, order and affidavit (.3); calculate surplus to debtor and interest (.4); prepare final report (1.0); prepare notice of hearing (.3); proposed distribution report (.2); review and edit package (.4). | 3.40  $150.00/ hr | $510.00 |
| 10/15/2007 | Compile documents for attachment to Trustee's Final Report (1.0); prepare Trustee's Final Report for submission to UST (.8) | 1.80  $160.00/ hr | $288.00 |
| 10/15/2007 | Review, edit and execute Trustee's Final Report and related documents. | 0.50  $400.00/ hr | $200.00 |
| 10/16/2007 | Process September 07 bank statements; Reconcile accounts | 0.10  $160.00/ hr | $16.00 |

Total Hours   13.50    Total Fees   $2,217.00

**Joseph A. Baldi & Associates, P. C.**   10/30/2007

Hillman - Trustee Matters   Page    4

### *Expenses*

| Start Date | Code | Description | Quantity | Charges |
|---|---|---|---|---|
| 10/14/2007 | COPY | Copies--Trustee's Final Report (30 pages x 2 @ $.10 per page) | 60.00 @ $0.10/each | $6.00 |
| 10/14/2007 | COPY | Copies--Trustee's Final Account (10 pages x 2 copies @$.10 per page) | 20.00 @ $0.10/each | $2.00 |

|  |  |
|---|---|
| Total Expenses | $8.00 |
| Total New Charges | $2,225.00 |
| Previous Balance | $0.00 |
| Balance Due | $2,225.00 |

### *Timekeeper Summary*

| Name | Hours | Rate |
|---|---|---|
| Elizabeth (1) C Berg | 6.20 | $140.00 |
| Elizabeth (1) C Berg | 2.90 | $160.00 |
| Joseph A Baldi | 0.50 | $350.00 |
| Joseph A Baldi | 0.50 | $400.00 |
| Ricki K Podorovsky | 3.40 | $150.00 |

Trustee's Final Fee Application

John W. Hillman
Case No. 05-60605

Rule 2016 Affidavit

Exhibit B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| JOHN W. HILLMAN, | ) | Case No. 05-60605-JDS |
| | ) | |
| Debtor. | ) | Hon. John D. Schwartz |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois  )
County of Cook    )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the Application for Allowance and Payment of Final Compensation an Expense Reimbursement of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except among the principals and associates of Joseph A. Baldi & Associates a law firm at which I was employed during the pendancy of this case.

4. Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on October 31, 2007

_____
Notary Public

"OFFICIAL SEAL"
Elizabeth C. Berg
Notary Public, State of Illinois
My Commission Exp. 06/16/2008

**Exhibit B**